Nancy L. Stagg (SBN 157034)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-4735
Facsimile: (858) 678-5099

(Pro Hac Vice Applications TBD)
Stephen E. Fox
Elizabeth M. Bedell
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Attorneys for Defendant,
CHI MANAGEMENT GROUP, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAEL TJUATJA,<br><br>        Plaintiff,<br><br>   v.<br><br>CHI MANAGEMENT GROUP, L.P. SHORT AND LONG TERM DISABILITY PLAN,<br><br>        Defendant. | Case No. 08-0896-EMC<br><br>**ANSWER OF CHI MANAGEMENT GROUP, L.P. TO THE COMPLAINT OF MIKAEL TJUATJA**<br><br>Original Complaint Filed February 11, 2008 |

Defendant CHI Management Group, L.P., mis-named as CHI Management Group, L.P. Short and Long Term Disability Plan, ("CHI" or "Defendant") responds to the allegations of the Complaint filed by Plaintiff Mikael Tjuatja ("Tjuatja" or "Plaintiff"), as follows:

### DEFENDANT'S ANSWER

CHI specifically responds to the allegations in Plaintiff's Complaint, and does so in the order and caption set forth in the Complaint, as follows:

### I. JURISDICTION

1. CHI acknowledges that Plaintiff has filed this action to enforce his rights under Employee Retirement Income Security Act ("ERISA"). CHI specifically denies, however, that it

///

1  engaged in any conduct in violation of ERISA and that Plaintiff is entitled to relief under ERISA.
2  CHI further denies the remaining allegations set forth in paragraph 1 of the Complaint.

## II. PARTIES

3   

4      2.    CHI admits only that Tjuatja was a participant in the CROSSMARK Group Self-
5  Insured Short-Term Disability Plan (the "STD Plan") and in the CHI Management Group, L.P.
6  Long-Term Disability Plan (the "LTD Plan"). CHI specifically denies that Tjuatja was an employee
7  of CHI Management Group, L.P. CHI admits that on or about February 1, 2007, Tjuatja was
8  eligible to be, and became, a participant in the STD Plan and the LTD Plan. CHI denies any
9  remaining allegations set forth in paragraph 2 of the Complaint.

10      3.    CHI admits that it is the Plan Administrator for the STD Plan and for the LTD Plan.
11  CHI further admits the remaining allegations in paragraph 3 of the Complaint.

12      4.    The allegations set forth in paragraph 4 of the Complaint are legal conclusions that
13  CHI is not required to admit or deny. Nevertheless, CHI admits the allegations set forth in
14  paragraph 4 of the Complaint.

## III. FACTS

15   

16      5.    Tjuatja's allegation that he "was employed by the employer" is vague and
17  ambiguous; as such, CHI lacks sufficient knowledge or information to confirm this allegation, and,
18  therefore, CHI denies this allegation. CHI further denies the remaining allegations set forth in
19  paragraph 5 of the Complaint.

20      6.    CHI admits only that Tjuatja submitted a claim for benefits under the STD Plan
21  sometime after February 28, 2007. CHI lacks sufficient knowledge or
22  information to confirm the remaining allegations, and, therefore, CHI denies the remaining
23  allegations set forth in paragraph 6 of the Complaint.

24      7.    CHI admits only that on or about March 28, 2007, the Administrator of Claims for
25  the STD Plan informed Tjuatja that it had denied his application for benefits under the STD Plan.
26  CHI denies any remaining allegations in paragraph 7 of the Complaint.

27  / / /
28  / / /

8. CHI admits only that Tjuatja filed an appeal of his application for benefits under the STD Plan and that the Administrator of Claims for the STD Plan denied such appeal. CHI denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. CHI denies the allegations set forth in paragraph 9 of the Complaint.

### IV. CLAIM FOR RELIEF

10. CHI incorporates by reference its answers to paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. The allegations set forth in paragraph 11 of the Complaint are legal conclusions that CHI is not required to admit or deny. Nevertheless, CHI denies the allegations set forth in paragraph 11 of the Complaint, except to the extent that the cited statutes speak for themselves.

12. CHI denies the allegations set forth in paragraph 12 of the Complaint.

### V. PRAYER FOR RELIEF

CHI admits only that Tjuatja prays for a monetary judgment against CHI. CHI specifically denies, however, that it engaged in any unlawful conduct in connection with Tjuatja's benefits under the STD Plan and that the damages or relief set forth in this paragraph are authorized by law or are appropriate for the claims alleged in the Complaint.

Each and every allegation set forth in the Complaint that is not expressly admitted herein is denied.

### II.

### AFFIRMATIVE DEFENSES

In further answer to Tjuatja's Complaint, CHI states that it will rely upon the following affirmative and other defenses, if applicable and if supported by facts to be determined by appropriate discovery. In asserting these defenses, CHI neither expressly nor implicitly assumes the burden of disproving any element of any claim for which Tjuatja bears the burden of proof as a matter of law.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

Tjuatja fails to state a cause of action against CHI.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Tjuatja's claims are barred by the applicable legal and contractual statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Tjuatja's claims are barred, in whole or in part, by his failure to mitigate his damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver/Estoppel)

Tjuatja has waived and/or is estopped from asserting any claim against CHI by reason of his own acts and omissions with respect to the events cited in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

To the extent Tjuatja seeks equitable relief, his remedy at law is adequate.

## SIXTH AFFIRMATIVE DEFENSE

(Additional Defenses)

CHI may have additional, yet unstated affirmative defenses which discovery in this case may disclose. CHI reserves the right to assert these additional affirmative defenses as appropriate when they are discovered.

WHEREFORE, CHI Management Group, L.P. prays for judgment against Tjuatja as follows:

1. That Tjuatja take nothing by way of his Complaint;
2. That CHI be awarded judgment in its favor against Tjuatja;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3. That CHI be awarded its costs of suit, including attorney's fees, if applicable; and

4. For such other and further relief as the Court may deem just and proper.

Dated: April 14, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By: s/Nancy L. Stagg
Nancy L. Stagg
stagg@fr.com

Attorneys for Defendant,
CROSSMARK, INC.

# PROOF OF SERVICE

I am employed in the County of San Diego, my business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 14, 2008, I served a copy of the following document(s):

**ANSWER OF CHI MANAGEMENT GROUP, L.P.
TO THE COMPLAINT OF MIKAEL TJUATJA**

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

Richard A. Stavin, Esq.                    Attorney for Plaintiff
Stain & Associates
21031 Ventura Boulevard, 12th Floor
Woodland Hills, California 91364
Phone: (818) 348-8464
Facsimile: (818) 348-8465

| | | |
|---|---|---|
| ☐ | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |
| ☐ | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| ☐ | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| ☐ | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| ☒ XX | **CM/ECF:** | Such document(s) were sent via electronic mail through the Case Management/Electronic Case File System with the U.S. District Court for the Northern District of California. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

1 |       I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 14, 2008 at San Diego, California.

                                                    _____
                                                    Janet Langrehr

-7-

ANSWER OF CHI MANAGEMENT GROUP, L.P. TO THE COMPLAINT
Case No.: 08-0896-EMC