Nancy L. Stagg (SBN 157034)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-4735
Facsimile:  (858) 678-5099

Attorneys for Defendant,
CHI MANAGEMENT GROUP, L.P.

Timothy J. Fricker (SBN 183309)
FRICKER & MELLEN & ASSOCIATES
409 13th Street, 17th Floor
Oakland, CA 94612
Telephone: (510) 663-8484
Facsimile:  (510) 663-0639

Attorneys for Plaintiff,
MIKAEL TJUATJA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAEL TJUATJA,<br><br>          Plaintiff,<br><br>     v.<br><br>CHI MANAGEMENT GROUP, L.P. SHORT AND LONG TERM DISABILITY PLAN,<br><br>          Defendant. | Case No. 08-0896-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Original Complaint Filed February 11, 2008 |

Pursuant to the Court's February 11, 2008 Order, Defendant CHI Management Group, L.P., mis-named as CHI Management Group, L.P. Short and Long Term Disability Plan, ("CHI" or "Defendant") and Mikael Tjuatja ("Tjuatja" or "Plaintiff") (collectively, the "Parties") respectfully submit the following Joint Case Management Statement:

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over Plaintiff's claim because the Complaint asserts a single claim for relief arising under federal law, specifically the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

At this time, there are no issues regarding personal jurisdiction or venue, and no additional parties remain to be served.

## 2. Facts

Plaintiff is a former employee of CROSSMARK, Inc. As a CROSSMARK employee, On or about February 1, 2007, Plaintiff was eligible to be, and became, a participant in the CROSSMARK Group Self-Insured Short-Term Disability Plan (the "STD Plan") and in the CHI Management Group, L.P. Long-Term Disability Plan (the "LTD Plan"). Plaintiff claims that he became disabled on or about February 28, 2007. Thereafter, Plaintiff submitted a claim for benefits under the STD Plan. On or about March 28, 2007, the Administrator of Claims for the STD Plan informed Plaintiff that it had denied his application for benefits under the STD Plan. Plaintiff filed an appeal of his application for benefits under the STD Plan, and in or about January 2008, the Administrator of Claims denied his appeal.

Plaintiff contends that the denial of his application for benefits under the STD Plan was improper.

Defendant maintains, however, that the denial of Plaintiff's application for benefits under the STD Plan was appropriate and fully complied with the terms of the Plan.

## 3. Legal Issues

Plaintiff contends that, under ERISA § 502(a)(1)(B), he entitled to damages as a result of the denial of his benefits under the STD Plan.

Defendant maintains that it did not engage in any conduct in violation of ERISA and disputes that Plaintiff is entitled to relief under ERISA.

The Parties agree that there might be a legal issue concerning the standard of review.

## 4. Motions

At this time, there are no pending or anticipated motions.

## 5. Amendment of Pleadings

At this time, the Parties do not anticipate the need to amend the pleadings. The Parties propose a deadline of August 1, 2008 for amending the pleadings.

## 6. Evidence Preservation

The Parties have taken the necessary steps to preserve evidence related to the issues that are reasonably evident in this action.

7. **Disclosures**

The Parties have agreed to exchange initial disclosures, pursuant to Fed. R. Civ. P. 26, no later than May 30, 2008.

8. **Discovery**

The Parties do not anticipate discovery at this time, however, pursuant to *Abatie*, the Parties anticipate that there may be some limited discovery if the case is not resolved through ADR.

9. **Class Actions**

Not applicable.

10. **Related Cases**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**

Plaintiff seeks a judgment and order that Defendant pay the benefits due Plaintiff now and in the future and interest thereon and that Defendant pay Plaintiff his attorneys' fees and other costs.

12. **Settlement and ADR**

As set forth in the Parties' Stipulation and Proposed Order Selecting ADR Process, the Parties have agreed to mediation by the presumptive deadline (*i.e.*, ninety days from the date of the order referring the case to ADR).

13. **Consent to Magistrate Judge for All Purposes**

The Parties respectfully do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**

The Parties do not believe that this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

At this time, the Parties have not identified any issues that can be narrowed by agreement or by motions, and do not request to bifurcate issues, claims, or defenses.

/ / /

**16. <u>Expedited Schedule</u>**

The Parties do not believe that this case is appropriate for streamlined procedures.

**17. <u>Scheduling</u>**

The Parties request a deadline for the submission of summary judgment motions in early 2009.

**18. <u>Trial</u>**

The Parties anticipate that this matter will be resolved through dispositive motion briefing.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>**

Defendant is filing its Certification of Interested Entities or Persons today. At this time, the Parties are not aware of any other persons, firms, partnerships, corporations (including parent corporations) or other entities have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

/ / /
/ / /
/ / /
/ / /
/ /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

JOINT CASE MANAGEMENT STATEMENT
Case No. 08-0896-EMC

20. **Other Matters**

At this time, the Parties are not aware of any additional matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: May 14, 2008

By: s/ Nancy L. Stagg
Nancy L. Stagg (SBN 157034)
stagg@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-4735
Facsimile: (858) 678-5099

Stephen E. Fox (*pro hac* admission TBD)
sfox@fr.com
Elizabeth M. Bedell (*pro hac* TBD)
bedell@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Attorneys for Defendant,
CHI Management Group, L.P.

Dated: May 14, 2008

By: s/ Timothy J. Fricker
Timothy J. Fricker (SBN 183309)
James G. Mellen (SBN 122035)
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Telephone: (510) 663-8484
Facsimile: (510) 663-0639

Attorneys for Plaintiff,
Mikael Tijuatja.

## PROOF OF SERVICE

I am employed in the County of San Diego, my business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On May 14, 2008, I served a copy of the following document(s):

### JOINT CASE MANAGEMENT STATEMENT

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Richard A. Stavin, Esq.<br>Stain & Associates<br>21031 Ventura Boulevard, 12th Floor<br>Woodland Hills, California 91364<br>Phone: (818) 348-8464<br>Facsimile: (818) 348-8465 | Attorney for Plaintiff |

| | | |
|---|---|---|
| ☐ | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |
| ☐ | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| ☐ | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| XX | **CM/ECF:** | Such document(s) were sent via electronic mail through the Case Management/Electronic Case File System with the U.S. District Court for the Northern District of California. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 14, 2008 at San Diego, California.

_/s/ Janet Langrehr_
Janet Langrehr