IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAEL TJUATJA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHI MANAGEMENT GROUP, L.P. SHORT AND LONG TERM DISABILITY PLAN,<br><br>　　　　Defendant<br>_____/ | No. C-08-0896 MMC<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT; DIRECTIONS TO PARTIES; VACATING CASE MANAGEMENT CONFERENCE** |

　　　　Before the Court is plaintiff Mikael Tjuatja's ("Tjuatja") Motion for Summary Judgment, filed January 28, 2009, as amended February 5, 2009, and defendants CHI Management Group, L.P. Short Term Disability Plan ("STD Plan") and CHI Management Group, L.P. Long Term Disability Plan's ("LTD Plan") Cross Motion for Summary Judgment,[1] filed February 20, 2009. Both motions have been fully briefed. Having read and considered the parties' respective submissions, the Court rules as follows.

　　　　On February 21, 2007, Tjuatja filed a claim for disability benefits under the STD Plan (see Krangle Decl. ¶ 8), which claim was denied initially on March 28, 2007, and thereafter, on January 10, 2008, was denied on appeal (see Mellen Decl., filed January 29,

---

[1] Although the complaint makes reference to a single plan encompassing both short-term and long-term disability benefits, defendants assert that the STD Plan and the LTD Plan are distinct plans.

2009, Ex. C). In his complaint, Tjuatja seeks an "order that defendant pay the benefits due plaintiff now and in the future" (see Compl. at 3:5-6), pursuant to the Employee Retirement Income Security Act ("ERISA").

All parties assert they are entitled to summary judgment on Tjuatja's claim for benefits. Where, as here, the district court reviews de novo the denial of a claim for benefits,[2] a motion for summary judgment may be granted only where there is no genuine issue of fact as to whether the claimant is disabled under the meaning of the subject policy. See Kearney v. Standard Ins. Co., 175 F.3d 1084, 1093 (9th Cir. 1999).

Here, the STD Plan provides that "disability benefits become payable" upon the claimant's submission of proof that the claimant is "disabled due to illness or injury," is "under appropriate treatment and care of a physician," and is "not working in any occupation." (See Krangle Decl. Ex. A at 5.) The Plan defines "disability" and "disabled" as follows: "'Disability' and 'Disabled' means that because of illness or injury you cannot perform each of the material duties of your occupation." (See id. Ex. A at 3.)

The Claim File contains evidence that, if credited, would support a finding that Tjuatja was disabled within the meaning of the STD Plan. (See, e.g., Waters Affidavit at UACL00062-63) (Attending Physician's Statement, signed by Tjuatja's treating physician, stating Tjuatja had been diagnosed with interstitial cystitis, was being treated for such condition, and that, as a result thereof, was unable to engage in any sitting, standing, walking, climbing, twisting, or lifting weight). Likewise, the Claim File contains evidence that, if credited, would support a finding that Tjuatja was not disabled within the meaning of the STD Plan. (See, e.g., id. at UACL00248, UACL00229-30 (opinions of reviewing

---

[2]"Depending upon the language of an ERISA plan, a district court reviews a plan administrator's decision to deny benefits either de novo or for abuse of discretion." Ingram v. Martin Marietta Long Term Disability Income Plan, 244 F. 3d 1109, 1112 (9th Cir. 2001). "The de novo standard is appropriate unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. (internal quotation and citation omitted). Here, defendants concede the denial of the application for STD Plan benefits must be reviewed de novo because the STD Plan does not grant the administrator discretion to determine eligibility for benefits or to construe the terms of the STD Plan. (See Defs.' Opp. to Pl.'s Mot., filed February 20, 2009, at 8:3-7.)

physician and reviewing nurse, each opining that medical information provided by Tjuatja's treating physicians was insufficient to support determination that Tjuatja was unable to perform work duties). Accordingly, because a district court may not weigh evidence when considering a motion for summary judgment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), the Court finds neither party is entitled to summary judgment.

A district court may, however, weigh evidence when considering a motion for judgment under Rule 52(a). See Fed. R. Civ. P. 52(a) (providing court makes "findings of facts and conclusions of law" in action tried without jury); see also Kearney, 175 F.3d at 1095-96 (reversing summary judgment on ERISA claim for benefits where triable issue of fact existed; remanding with instructions to "make findings of fact under [Rule] 52(a)").

Accordingly, the parties are hereby DIRECTED to file a Joint Status Report, no later than May 29, 2009, and to advise the Court therein whether the parties jointly agree the Court should construe the parties' respective motions for summary judgment as motions for judgment pursuant to Rule 52; if either of the parties is of the view that, for purposes of a decision under Rule 52, supplemental briefing is necessary, the parties shall, no later than May 29, 2009, advise the Court of the parties' proposed supplemental briefing schedule.

Finally, in light of the pendency of the above-referenced motions, the Status Conference scheduled for May 29, 2009 is hereby VACATED, and, if necessary, will be reset for a later date.

**IT IS SO ORDERED.**

Dated: May 8, 2009

MAXINE M. CHESNEY
United States District Judge